UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>JEREMY SCHLENKER,<br><br>　　　　　　　Defendant. | CASE NO. CR15-5197 BHS<br><br>ORDER DENYING MOTION TO CLARIFY |

This matter comes before the Court on Defendant Jeremy Schlenker's ("Schlenker") motion to clarify. Dkt. 61. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.[1]

**I. BACKGROUND**

**A.   Background and Procedural History**

Schlenker entered a guilty plea and was sentenced by this Court in 2016. Dkts. 38, 56. Schlenker wishes to bring a motion collaterally attacking his sentence under 28

---

[1] Schlenker also filed motions to file overlength briefs, Dkts. 60, 64. Both motions are granted.

U.S.C. § 2255, based upon a United States Supreme Court case decided after he was sentenced that invalidated the "residual clause" of 18 U.S.C. § 924(c)(3). *United States v. Davis*, 139 S. Ct. 2319 (2019) ("*Davis*"). However, Schlenker is concerned that the waiver clause in his plea agreement could empower the Government to assert additional charges against him if he brings a collateral attack on his sentence; Schlenker therefore seeks a declaratory judgment that his contemplated filing of a § 2255 motion would not violate his plea agreement. Dkt. 61.

Schlenker pled guilty to two counts: (1) second degree murder, and (2) possession of a firearm in furtherance of a crime of violence pursuant to 18 U.S.C. § 924(c)(1)(A)(i)-(iii). Dkt. 38. The Court sentenced Schlenker to 16 years for Count 1 and applied § 924(c)'s mandatory consecutive sentence of 10 years for Count 2, for a total custodial sentence of 26 years. Dkt. 56. Schlenker now wishes to collaterally attack the 10-year sentence he received for the § 924(c) violation on the ground that *Davis* renders his sentence and conviction on Count 2 invalid. Dkt. 61 at 2.

Schlenker's plea agreement "waives to the full extent of the law . . . [a]ny right to bring a collateral attack against the conviction and sentence . . . except as it may relate to the effectiveness of legal representation." Dkt. 38 at 10.[2] The waiver provision further provides that "[i]f Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or

---

[2] Schlenker's description of his contemplated § 2255 petition indicates that it would not be based upon a claim of ineffective assistance of counsel; instead, his argument is premised upon the ruling in *Davis*. Dkt. 61 at 2.

sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement." *Id.*

Schlenker's counsel contacted the Government on December 19, 2019, informing it of Schlenker's intent to file a § 2255 motion and asking whether it would consider the filing to be a breach of the plea agreement. Dkt. 63-1. The Government responded on January 14, 2020, stating that it "will consider [a § 2255] action to be a breach of the parties' plea agreement." Dkt. 61-1.

In addition to the pending motion to clarify in this matter, Schlenker has filed a civil complaint: both seek a declaratory judgment that his contemplated collateral attack would not constitute a breach of his plea agreement such that the Government would be permitted to reassert additional charges against him. Dkt. 61; *Schlenker v. United States*, C20-5122 BHS ("Civil Matter"), Dkt. 1. In this matter, Schlenker filed his motion on February 28, 2020, Dkt. 61, the Government responded on March 23, 2020, Dkt. 63, and Schlenker replied on April 4, 2020, Dkt. 65.[3]

**B.    Summary of the Parties' Arguments**

Schlenker contends that the waiver is invalid or inapplicable for five reasons: (1) it is not in effect because, as a result of *Davis*, Schlenker's sentence exceeded applicable sentencing guidelines; (2) the colloquy during Schlenker's plea hearing did not adequately inform Schlenker of the collateral attack waiver; (3) the sentence was

---

[3] The parties also filed dispositive cross-motions in the Civil Matter, which are addressed in a separate order.

rendered unlawful by *Davis* and therefore the waiver is void; (4) Schlenker is actually innocent of the § 924(c) count as a result of the holding in *Davis*; and (5) bringing a collateral attack would not constitute breach because the waiver clause lacks a covenant not to bring a § 2225 action. Dkt. 61 at 3-4.

The Government did not respond to Schlenker's arguments on the merits. Instead, it contends that the Court is without subject matter jurisdiction to consider Schlenker's complaint. Dkt 63 at 5-8. With respect to jurisdiction, the Government first contends that Schlenker seeks a mere advisory opinion and there is therefore no case or controversy; second, it contends that Schlenker's complaint impermissibly attempts to substitute a civil declaratory judgment action for a § 2255 motion. *Id*.

Schlenker contends that this case presents precisely the dilemma that the declaratory judgment remedy was meant to address and thus does not seek a mere advisory opinion. Dkt 65 at 1-4, citing, *inter alia, MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007). Finally, Schlenker contends that this action is a mere "precursor" to his contemplated habeas proceeding, not a substitute for it. *Id*. at 4-10.

The Court agrees with the Government that Schlenker's motion should be denied. The Court lacks subject matter jurisdiction because there is no case or controversy.

## II. DISCUSSION

Federal courts are courts of limited jurisdiction and are presumed to lack subject matter jurisdiction until the plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Miguel v. Country Funding Corp.*,

309 F.3d 1161, 1164 (9th Cir. 2002). Once subject matter jurisdiction has been challenged, the plaintiff bears the burden of establishing it. *Id*.

Under the Declaratory Judgment Act, courts of the United States "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). The Act "embraces both constitutional and prudential concerns." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1222–23 (9th Cir. 1998). A lawsuit seeking federal declaratory relief must first present an actual case or controversy within the meaning of Article III, section 2 of the United States Constitution. *Id*. It must fulfill statutory jurisdictional prerequisites. *Id.* If the suit passes constitutional and statutory muster, the district court must also be satisfied that entertaining the action is appropriate. *Id.* A district court has the "unique and substantial discretion to decide whether to issue a declaratory judgment," *Wilton v. Seven Falls Co.,* 515 U.S. 277, 286 (1995), but is "under no compulsion to exercise that jurisdiction," *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 494 (1942).

**A.     Case or Controversy**

A case or controversy exists if "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273, (1941). What makes a declaratory judgment "a proper judicial resolution of a 'case or controversy' rather than an advisory opinion—is in the settling of some dispute *which affects the*

*behavior of the defendant towards the plaintiff."* Hewitt v. Helms, 482 U.S. 755, 761 (1987).

The Government contends that Schlenker is seeking an advisory opinion, arguing that Schlenker's rights would be implicated if and only if he actually files a § 2255 petition and the Government seeks to find him in breach of the plea agreement. Dkt. 63 at 7. Schlenker argues that the Government's position on breach creates an actual controversy. Dkt. 65 at 1.

The Court agrees with the Government. Here, the Government has simply responded to a request for its position by stating that it "would consider" a future filing of a § 2255 petition to be a breach of the plea agreement. Dkt. 11-1. Notably, the Government did not threaten any action, and in particular did not state that it would proceed to file additional charges. In contrast, *MedImmune*, upon which Schlenker relies, involved a "clear threat" of adverse action. 549 U.S. at 122.

Furthermore, it remains wholly speculative whether Schlenker would incur any harm. Schlenker has not identified what, if any, additional charges could be brought, or how they would affect his sentence if he were to be convicted. In addition, the outcome of Schlenker's as-yet unfiled § 2255 petition is unknown, as is any response by the Government if Schlenker were to prevail. Indeed, the legal landscape governing the proposed petition is also uncertain. While *Davis* has invalidated the residual clause of 18 U.S.C. § 924(c)(3), the scope of the elements clause is currently the subject of a pending, but abeyed, rehearing *en banc*. United States v. Begay, No. 14-10080, 2019 WL 7900329 (9th Cir. December 5, 2019) ("*Begay*"). As Schlenker's proposed petition indicates, the

future disposition of the panel decision in *Begay* is relevant to whether—if a § 2255 petition is filed and is successful—any error would be harmless. Dkt. 11-8.

These multiple contingencies render Schlenker's claim non-justiciable. The Ninth Circuit reached the same conclusion in an unreported disposition[4] where, like Schlenker, the plaintiff sought a declaration that filing a § 2255 petition would not breach his plea agreement:

> The issue of whether Mulholland breaches his plea agreement by filing a section 2255 motion is more appropriately considered in that proceeding. . . . Moreover, Mullholland's request for a declaration prohibiting future prosecution is unripe for adjudication because "it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *See Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotations omitted). Accordingly, we reverse the district court's judgment and remand with instructions to dismiss the action for lack of jurisdiction.

*Mulholland v. Snohomish Cty.*, 68 Fed. App'x 75 (9th Cir. 2003) ("*Mulholland*").[5] Schlenker's claim, like Mulholland's, is not ripe for adjudication.

---

[4] Although unpublished decisions of the Ninth Circuit are not binding on this Court, they have persuasive value and indicate how the Ninth Circuit applies binding authority.

[5] Schlenker's motion cites a district court opinion from the Northern District of New York, *Cady v. United States*, 970 F. Supp. 97 (N.D.N.Y. 1997), in which, as in this case and *Mulholland*, a criminal defendant sought declaratory judgment that filing a § 2255 petition would not violate his plea agreement. The court determined it had jurisdiction and found that the future filing of a petition would not constitute a breach. *Id*. at 100. In light of *Mulholland*, the Court does not find *Cady* persuasive. However, the subsequent history in *Cady* is instructive: after Cady filed his § 2255 petition, the court found that the filing did breach the plea agreement. *Cady v. United States,* No. 98–CV–33 1998 WL 743719 at *5 (N.D.N.Y. October 15, 1998). Thus, the original ruling was ultimately proved not only to have been an advisory opinion, but to have been incorrect.

### III. ORDER

Therefore, it is hereby **ORDERED** that Schlenker's motion to clarify, Dkt. 61, is **DENIED**.

Dated this 18th day of June, 2020.

BENJAMIN H. SETTLE
United States District Judge